UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LOVER'S LANE, I.P., LTD.**,

        Plaintiff,

v.

**TORRID, LLC**,

        Defendant.

Case No:_____

District Court Judge:

Magistrate Judge:

## COMPLAINT

Plaintiff Lover's Lane, I.P., Ltd. states the following for its Complaint against Defendant Torrid, LLC:

## PARTIES

1. Plaintiff Lover's Lane, I.P., Ltd. ("Plaintiff") is a Michigan corporation with its principal place of business located in Plymouth, Michigan.

2. Defendant Torrid, LLC ("Defendant") is a California limited liability company with its principal place of business located in City of Industry, California.

3. The Court has subject matter jurisdiction over the claims asserted in the Complaint under 15 U.S.C. §§ 1121, 1125 (Lanham [Trademark] Act) and 28 U.S.C. § 1331 (federal question).

4. The Court can exercise personal jurisdiction over Defendant because it has advertised and marketed its products in the State of Michigan in such a manner, explained further below, that it would be fair and constitutionally permissible to require Defendant to defend itself against Lover's Lane's trademark infringement allegations in this forum; Defendant maintains an interactive website through which Michigan residents can obtain information about and purchase

goods from Defendant; Defendant operates 16 retail stores in the State of Michigan; and Defendant otherwise conducts business in, and has sufficient contacts with, the State of Michigan to warrant the exercise of personal jurisdiction over it in this forum.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and/or (b)(2).

## BACKGROUND

6. Plaintiff and its affiliates (collectively "Lover's Lane") are a well-known retailer of lingerie, apparel, bedroom accessories, and other merchandise and accessories for both men and women, selling a wide range of romance and intimacy-oriented merchandise through on-line stores and in 40 physical stores spread throughout the Midwest.

7. Lover's Lane has been a leading retailer of sensuous lingerie and romantic gifts since 1992.

8. Plaintiff owns a large portfolio of U.S. registrations for trademarks and service marks that it uses in connection with the promotion and sale of Lover's Lane's goods and services. These include registrations for standard character and composite LOVER'S LANE marks, as well as registrations for various catchy marks that help distinguish Lover's Lane from its competitors, create enthusiasm for its goods and services, and enhance its overall brand identity and image.

9. The Lover's Lane portfolio described above includes the following registered marks: SENSUOUS LINGERIE & ROMANTIC GIFTS, INSTANT SEXY, REKINDLE THE PASSION WITH INTIMATE FASHION, SPICE UP YOUR LOVE LIFE . . . TONIGHT, PLAY TOGETHER . . . STAY TOGETHER, ADDICTED TO LOVE, LOVE HAS REWARDS, LOVE IS ALL YOU NEED, BE THE CANDY, MONOGAMY WITHOUT MONOTONY, WE SELL FUN, BEST.GIFTS.EVER., and many more.

10. The Lover's Lane portfolio of marks is a key part of its branding strategy and has contributed to Lover's Lane's growth into one of the United States' largest and most successful retailers of lingerie, apparel, bedroom essentials, and other gift-oriented merchandise.

11. Among the marks in Plaintiff's portfolio is the mark SEXY HAS NO SIZE.

12. This mark registered on the USPTO's Principal Register as U.S. Registration No. 6,593,062 (the "Registration", a copy of which is attached as **Exhibit A**) on December 21, 2021, in International Class 35, with a date of first use in commerce of January 2020, for use with the following services:

> Online retail store, retail store, and mail order services featuring adult toys, marital aids, sexual stimulating toys, gift cards, romantic gifts, gifts, books, games, greeting cards, bath gels, personal lubricants, massagers, lotions and oils, lingerie, underwear, swimwear, fetish apparel, costumes and clothing accessories for women and men.

13. By virtue of Plaintiff's SEXY HAS NO SIZE Registration, Plaintiff has exclusive, nationwide rights in the mark in connection with the goods and services set forth in the Registration, as well as any related goods or services.

14. Lover's Lane uses the SEXY HAS NO SIZE mark primarily in connection with its sales of products that cater to plus-size consumers, such as lingerie, robes, costumes, and other apparel for plus size women.

15. Defendant is a retailer of women's clothing and accessories, including lingerie, robes, and other types of apparel for plus-size consumers.

16. According to Defendant's website, it operates at least eight retail stores in the metropolitan Detroit area, a total of 16 in Michigan, and numerous others throughout the United States.

17. Defendant offers plus-size apparel, including lingerie and robes, for sale on its website at www.torrid.com and also through its retail stores, including those located in Michigan.

18. Defendant has also used a SEXY HAS NO SIZE mark to promote its sales of plus-size apparel, including on billboards located on the I-275 and Lodge (U.S. 10) freeways in Wayne County, MI, appearing as follows:





19. Plaintiff began using SEXY HAS NO SIZE as a mark prior to any trademark or service mark usage of that phrase by Defendant and, therefore, has priority in the use of the mark.

20. Defendant's use of a SEXY HAS NO SIZE mark to promote the sale of plus-size apparel is likely to cause consumer confusion, to the detriment of Plaintiff and its rights in its mark, because, without limitation, the mark as used by Defendant is identical to Plaintiff's registered mark; the goods or services with which Defendant has used the mark are identical or

4

highly related to goods or services with which Plaintiff uses the mark; the parties target markets are similar; and the parties use similar channels of trade to distribute their respective goods and services, including the internet and physical retail locations.

21. Plaintiff has also used for many years other derivatives of the mark, such as "Sexy Doesn't Have a Size" and "Sexy At Any Size".

22. While Plaintiff's mark was registered and approved with a date of first use in commerce of at least as early as January 2020, Plaintiff's actual first use of SEXY HAS NO SIZE, and similar iterations of the phrase, predates January 2020.

## COUNT I
### Trademark Infringement in Violation of Section 32
### of the Trademark Act, 15 U.S.C. § 1114

23. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth here.

24. Plaintiff owns U.S. Registration No. 6593062 for the mark SEXY HAS NO SIZE, in standard character form, for use with the goods and services listed in the Registration.

25. As outlined above, Defendant has used and is using a mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services in a manner that is likely to cause confusion, to cause mistake, or to deceive, as to the source of its goods or services, as to an affiliation between Plaintiff and Defendant, or as to Plaintiff's endorsement, sponsorship, or approval of Defendant's goods or services, or the marketing and distribution thereof.

26. Defendant's use of a SEXY HAS NO SIZE mark in connection with the sale, offering for sale, distribution, and advertising of its goods or services is without the permission,

authority, or consent of Plaintiff and constitutes a violation of Plaintiff's rights in its SEXY HAS NO SIZE mark.

27. Plaintiff has sustained injury due to Defendant's infringement, including, but not limited to, injury to Plaintiff's rights in its mark and monetary harm.

28. Defendant is liable for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, entitling Plaintiff to all remedies as may be available thereunder, including monetary damages, injunctive relief, and recovery of Plaintiff's costs and attorney's fees.

## COUNT II
### Federal Unfair Competition/False Designation of Origin
### Under Section 43 of the Trademark Act, 15 U.S.C. § 1125

29. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth here.

30. Plaintiff owns U.S. Registration No. 6593062 for the mark SEXY HAS NO SIZE, for use with the goods and services listed in the Registration, as well as common law rights in the mark.

31. As set forth above, Defendant has used in commerce a word, term, name, symbol or device, or combination thereof, or a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods or services by Plaintiff.

32. Defendant's use of a SEXY HAS NO SIZE mark in connection with the sale, offering for sale, distribution, and advertising of its goods and services is without the permission, authority, or consent of Plaintiff and constitutes a violation of Plaintiff's rights in its mark.

33. Plaintiff has been injured by Defendant's infringement, including, but not limited to, injury to Plaintiff's rights in its mark and monetary harm.

34. Defendant is liable for unfair competition and/or false designation under Section 43 of the Lanham Act, 15 U.S.C. § 1125, entitling Plaintiff to all remedies as may be available thereunder, including monetary damages, injunctive relief, and recovery of Plaintiff's costs and attorney's fees.

## COUNT III

### Unfair Competition Under Michigan Law

35. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth here.

36. Plaintiff has continuously and extensively used its SEXY HAS NO SIZE mark in commerce and has common law rights in the mark, by virtue of the mark's inherent distinctiveness or by acquired distinctiveness.

37. Defendant has used in commerce a SEXY HAS NO SIZE mark in connection with goods and services that are identical or highly related to goods and services provided by Plaintiff has provided under its SEXY HAS NO SIZE mark.

38. Such use by Defendant is likely to cause confusion or mistake among consumers, or to deceive consumers, as to an affiliation, connection, or association between Plaintiff and Defendant or with respect to the origin, sponsorship, or approval of Defendant's goods or services by Plaintiff.

39. Defendant has thereby engaged in deceptive business practices that tend to mislead the public, in violation of Plaintiff's rights in its SEXY HAS NO SIZE mark.

40. As a result of Defendant's wrongful conduct, Plaintiff has suffered harm, including, but not limited to, injury to Plaintiff's rights in its mark and monetary harm.

## COUNT IV

### Violation of Michigan Consumer Protection Act, MCL 445.901 *et seq.*

41. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth here.

42. The Michigan Consumer Protection Act, MCL 445.901 *et seq.* (the "MCPA"), renders unlawful unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce.

43. By the conduct described herein, Defendant has engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of the MCPA, including, without limitation, one or more of the following provisions of the Act (*see* MCL 445.903):

   (a) Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and,

   (b) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

44. As a result of Defendant's wrongful conduct, Plaintiff has suffered harm, including, but not limited to, injury to Plaintiff's rights in its mark and monetary harm.

45. Plaintiff is entitled to all such remedies as may be available under the MCPA for Defendant's wrongful conduct, including, but not limited to, monetary damages, injunctive relief, costs, and attorney's fees.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter a judgment in its favor and against Defendants providing for the following relief:

(1) Declaring that Defendant has violated Plaintiff's rights in its SEXY HAS NO SIZE mark;

(2) Permanently enjoining Defendant, any agents or representatives of Defendant, and any others acting in concert or participation with Defendant, from using a SEXY HAS NO SIZE mark, or any colorable imitation thereof, in connection with the sale, offering for sale, promotion, advertising, marketing or distribution of plus-size apparel and any substantially related goods or services;

(3) Requiring Defendant to provide an accounting to determine all revenue, profits, savings, or other benefits obtained by Defendant through its wrongful actions;

(4) Awarding Plaintiff all monetary damages to which it may be entitled under the Lanham Act, including, but not limited to, an award of Defendant's profits, actual damages, and/or enhanced damages for willfulness;

(5) Awarding Plaintiff its costs and reasonable attorneys' fees;

(6) Awarding Plaintiff all pre- and post-judgment interest to which it may be entitled as a matter of statutory or common law; and,

(7) Awarding Plaintiff such other relief as the Court may deem appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Jaffe, Raitt, Heuer & Weiss, P.C., |
| Dated: January 6, 2022 | */s David McDaniel* <br> David S. McDaniel (P56994) <br> Counsel for Plaintiff <br> 27777 Franklin Road, Ste. 2500 <br> Southfield, MI 48034 <br> (248) 351-3000 <br> dmcdaniel@jaffelaw.com |